**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AARON MOSES PENA,                                                                PLAINTIFF
REG. #75418-279

v.                                        2:13CV00075-BSM-JTK

J. SUTTON, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a
hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.     **Introduction**

Plaintiff Aaron Pena, a federal inmate proceeding pro se, filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging failure to protect and denial of adequate medical care and treatment while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas (Doc. No. 2).[1]   By Order dated July 12, 2013 (Doc. No. 5), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.  However, finding that his allegations failed to state a claim against Defendants, the Court provided Plaintiff with the opportunity to file an Amended Complaint

---

[1]Plaintiff has since been transferred to the McDowell FCI, Welch, West Virginia (Doc. No. 8).

2

within thirty days of the date of the Order.  (Id.)  Plaintiff has not filed an Amended Complaint.[2]

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

---

[2]The copy of the July 12, 2013 Order sent to Pena at the Forrest City FCI was returned to the Court on August 5, 2013 (Doc. No. 6), and was re-mailed to Plaintiff at the McDowell FCI on August 6, 2013 (docket note following entry no. 6.)

clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

## III.    Facts and Analysis

As noted in the July 12, 2013 Order, Plaintiff alleges in his Complaint that he was attacked by other inmates for seven minutes while Defendant Wesner sat in his office.  He does not, however, allege that Wesner was aware of the attack itself, or of any threats to the Plaintiff's safety prior to the incident.  In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  A failure to protect claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was

4

deliberately indifferent to that risk.  Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998).

See also Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000).  Given Plaintiff's failure to allege

any knowledge by Wesner of imminent harm to Plaintiff, either before or during the time of

the attack, the Court finds that his allegations against Defendant Wesner do not support a

constitutional claim.

      In addition, Plaintiff's allegations against Defendant Sutton fail to support a

constitutional claim.  Plaintiff alleges that following the attack, Sutton took him to a holding

cell, where he was left for hours without medical assistance.  He does not claim that he asked

Sutton for medical care  or that Sutton denied a request for medical care and treatment.  In

order to support an Eighth Amendment claim against Sutton, Plaintiff must allege that he

acted with deliberate indifference to Plaintiff's serious medical need.  Farmer v. Brennan,

511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical

condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S.

97, 105-06 (1976).   Therefore, absent such allegations, the Court finds that this claim also

should be dismissed.

## IV.    Conclusion

      IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's  Complaint against Defendants be DISMISSED, for failure to state

a claim upon which relief may be granted.

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

      3.    The Court certify that an in forma pauperis appeal from an Order and

Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §

1915(a)(3).

      IT IS SO RECOMMENDED this 10th day of September, 2013.

_____

  JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.